# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FILED
2010 JUN 21 AM 11: 52

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| DOMINIQUE FIELDS | CASE NUMBER: 6:10-mj-1201 |

I, Jose A. Ramirez, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about May 15, 2010, in Orange County, in the Middle District of Florida, the defendant did knowingly and unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, by knowingly and unlawfully taking and obtaining the personal property of another, that is, United States currency, from the presence of another, that is, an employee of CICI's Pizza LP, d/b/a Cici's Pizza Restaurant ("Cici's Pizza"), located at 12402 S. Orange Blossom Trail, Orlando, Florida, against her will by means of actual and threatened force, violence, and fear of injury to her person in furtherance of a plan and purpose to commit robbery; and the defendant herein, while aiding and abetting others, did knowingly use and carry a firearm, that is, a Colt, 9mm firearm, with serial number CLW008770, during and in relation to a crime of violence, for which they may be prosecuted in a Court of the United States, that is, Hobbs Act Robbery as charged in this Complaint, in violation of Title 18, United States Code, Sections 924(c)(1) and 924(c)(2), and Title 18, United States Code, Section 2. I further state that I am a Task Force Agent (TFA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
Jose Ramirez
Bureau of Alcohol, Tobacco & Firearms

Sworn to before me and subscribed in my presence,

June 21, 2010 at Orlando, Florida

DAVID A. BAKER
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

STATE OF FLORIDA
COUNTY OF ORANGE                                Case No.: 6:10-mj-1201

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Jose A. Ramirez, being duly sworn, state the following:

### Investigative Experience

1. I am employed as a Deputy Sheriff/Detective with the Orange County Sheriff's Office and have been employed in this capacity since December 2001. My current assignment is as a Detective with the Robbery Unit. Additionally, I am currently assigned as a Task Force Agent to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), with the United States Department of Justice.

2. Prior to my current position, I was employed as an agent with the Puerto Rico Police Department, San Juan Narcotics Bureau, for six years.

3. I have attained an Associate Degree in Criminal Justice, Police Science, from the John Jay College of Criminal Justice, Puerto Rico campus, and have completed all required basic training for law enforcement in the State of Florida and the Commonwealth of Puerto Rico.

4. As a result of my knowledge, training, and experience as a Detective and Task Force Agent, I am familiar with federal criminal laws regarding violent crimes and firearms offenses.

5. Furthermore, during the course of my career, I have investigated hundreds of robberies, including commercial robberies and bank robberies, and I understand typical methods employed and various participant roles used in the commission of robberies.

## Investigation

6.  I have learned the following information in my official capacity by first hand observations, by receiving information from other law enforcement officers involved in this investigation, by interviewing witnesses, by considering business and public records, and by reviewing other reliable information.

7.  The following information is not all the information known to me regarding this investigation. Rather, it is only information necessary to establish probable cause for the arrest of DOMINIQUE FIELDS (FIELDS) for Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) and (b) and § 2, and using, carrying, or possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and § 2 on May 15, 2010, in Orange County, Florida.

8.  On May 15, 2010 at 10:50 p.m., two black males, Co-conspirator 1, Co-conspirator 2, and a third black male, who was later identified as FIELDS, *entered* the CICI's Pizza LP, d/b/a Cici's Pizza Restaurant ("Cici's Pizza"), located at 12402 S. Orange Blossom Trail, Orlando, Florida.

9.  Orange County Sheriff's Office Deputy Jason Hess responded to the scene and saw several employees walking inside the restaurant. Deputy Hess entered the restaurant and immediately saw a 9mm caliber shell casing on the floor in front of the register. He then noticed a hole in the ceiling, which appeared to be a bullet hole.

10. Deputy Hess removed all employees and customers from the restaurant and began his investigation. Deputy Hess first met with victim D.T.

11. Victim D.T. said that she was in the restaurant's back room washing garbage cans when she heard a loud bang coming from the front of the store. She then walked out of the back room and was met by an unknown black male. Victim D.T. described the suspect as a black male who was wearing a black ski mask, black gloves, black shirt and black pants. According to her statement, this suspect was standing in front of the buffet counter holding a gun. The suspect pointed the gun at her and told her to lie on the floor face down and she complied.

12. Victim D.T. stated that sometime later the suspect returned to where she was located and pointed the gun at her. The suspect then told her to "open the safe." As she was attempting to open the safe, the suspect placed the gun to her head and stated "hurry up."

13. Once the safe was opened, the suspect took about $1,400. After the suspect nearest to Victim D.T. retrieved all the money from the safe, she saw him and a second suspect jump over the counter, and then leave the restaurant.

14. Victim J.K. also provided a sworn statement to Deputy Hess. Victim J.K. said that he was bringing dirty dishes into the back room of the restaurant when he heard a loud bang coming from the front of the store. Victim J.K. said he walked out of the back room and saw a black male, wearing a black mask, black gloves, black shirt and black pants running around the corner yelling, "open the safe!"

15. This suspect then grabbed Victim J.K. by the shirt and pushed him toward the safe. Victim J.K. told the suspect that he did not have the combination to open the safe and that Victim D.T. could open it. Victim J.K. said that the suspect told him to open the register and then lie on the ground. Victim J.K. complied with the suspect's demands.

16. Victim J.K then saw the suspects jumping the counter and fleeing the restaurant. After they left, Victim J.K. ran and locked the restaurant's doors. As he locked the doors, Victim J.K. saw a dark-colored vehicle speeding from the parking lot. Victim J.K. said that he was unable to obtain a license plate number on the vehicle because the vehicle's lights were not turned on and there was no tag on the vehicle.

17. Deputy Hess also interviewed Victim M.D., who was also in the restaurant when the robbery occurred. Victim M.D. was vacuuming the floors in the restaurant when he heard a gun shot inside the restaurant. He then turned off the vacuum cleaner and lied down on the floor.

18. Victim M.D. dialed 911 from his cellular telephone (cell phone). Victim M.D. stated that he looked towards the front of the restaurant and saw a black male wearing a black ski mask, black gloves, black shirt and black pants entering the kitchen area. He stated that another black male, wearing a black ski mask, black gloves, black shirt, black pants and carrying a silver hammer with a wooden handle, walked toward two customers who were in the dining area. He then heard one of the suspects demanding the customers' cell phones and wallets.

19. Victim M.D. then said that one of the suspects walked over to him and demanded his wallet and cell phone. Victim M.D. told this suspect that he did not have

4

a cell phone or wallet on him. He then saw three suspects running out of the restaurant. According to his statement, the three suspects got into an unknown make, dark-colored vehicle.

20. The first suspect was described as a black male, thin build, about 5'10" to 6'1" tall, 140 pounds to 160 pounds, wearing a black ski mask, black gloves, black shirt and black pants. This suspect was carrying a handgun. The second suspect was described as a black male, thin build, about 5'10" to 6'1" tall, 140 pounds to 160 pounds, wearing a black ski mask, black gloves, black shirt and black pants. This suspect was not seen displaying any weapons. The third suspect was described as a black male, heavy build, about 5'10 to 6'1, 150 pounds to 200 pounds, wearing a black ski mask, black gloves, black shirt and black pants. This suspect was displaying a silver hammer with a wooden handle.

21. Deputy Hess collected one 9mm casing from the floor near the cash register. He also took digital photographs of the scene.

22. On Friday May 28, 2010, at about 2:30 a.m., Orange County Sheriff's Office Sergeant Joe Scutero notified me about the arrest of three subjects who were possibly involved in this incident. An officer with the Maitland Police Department encountered the subjects during a traffic stop. All three were arrested for carrying a concealed firearm.

23. Once I arrived at the Maitland Police Department Headquarters, I noticed a black four-door Oldsmobile Intrigue parked on the side of the building. I immediately recognized this vehicle as the suspect vehicle that was captured by two security

surveillance systems during other robberies linked to the instant case. I then identified the suspects, including FIELDS.

24. A search of the car revealed two firearms, several sets of gloves, masks and black clothing in the vehicle. Another 9mm firearm was recovered from the vehicle during an inventory search.

25. I also learned that the above-described vehicle is registered to Co-conspirator 2's grandmother. This vehicle, according to the Florida Driver and Vehicle Information Database (DAVID), was acquired on March 2, 2009 by Co-conspirator 2 and transferred to his grandmother on March 6, 2009.

26. I interviewed FIELDS who, post-Miranda, admitted to being an active participant in the CiCi's Pizza robbery and other robberies in Osceola, Orange and Seminole Counties. FIELDS identified himself in video surveillance as one of the armed gunmen. He also confirmed that one of other suspects accidentally shot his firearm during one of the robberies. Additionally, FIELDS stated that during the robbery at Cici's Pizza Restaurant located at 12402 S. Orange Blossom Trail, one of his partners accidentally fired his weapon into the restaurant's ceiling. FIELDS also implicated Co-conspirator 1 and Co-conspirator 2 as being acting participants with him in all the robberies.

27. On Monday June 7, 2010, I met with Cici's Pizza Regional Corporate Manager Kevin Kesler. Kesler said the South Orange Blossom Trail location, where the May 15, 2010, robbery took place, is a corporate restaurant and its main office is located in Coppell, Texas. He informed me that the restaurant was closed for about two hours while the initial investigation was being conducted; however, the incident

occurred about ten minutes prior to closing, which caused an estimated loss of $300.00 in U.S. currency in sales. Kesler added that all the items used to make their products are transported from Atlanta, Georgia by CICI Enterprise LP.

## Conclusion

28. I respectfully submit that there is probable cause to believe that DOMINIQUE FIELDS did, on Saturday May 15, 2010 in Orange County, Florida, in the Middle District of Florida, commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and (b) and § 2, and used/carried/possessed a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A) and § 2.

29. This concludes my affidavit.

Jose A. Ramirez
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to and subscribed to this
21st day of June, 2010.

DAVID A. BAKER
United States Magistrate Judge