UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOMINQUE JUST FIELDS,

    Petitioner,

v.                                  CASE NO. 6:13-cv-1910-Orl-18GJK
                                       (6:11-cr-24-Orl-18GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct An Illegal Sentence (the "Motion") filed by Dominque Just Fields pursuant to 28 U.S.C. § 2255 (Doc. No. 1). The Government filed a response (Doc. No. 3) to the Motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Fields was provided with the opportunity to file a reply, but he failed to do so. For the reasons set forth below, the Motion will be denied.

Fields alleges one claim for relief in the Motion, which is addressed below.

    I.    PROCEDURAL BACKGROUND

A grand jury charged Fields in a ten count indictment with the commission of various crimes (Criminal Case No. 6:11-cr-24-Orl-18GJK, Doc. No. 15).[1] Prior to trial,

---

[1] Criminal Case No.6:11-cr-24-Orl-18GJK will be referred to as "Criminal Case."

Fields filed a motion to dismiss the indictment (Criminal Case Doc. No. 22), which the Court granted in part and denied in part (Criminal Case Doc. No. 27). As a result, counts seven and eight were dismissed without prejudice.

A jury found Fields guilty as to the remaining counts (counts one, two, three, four, five, six, nine, and ten) (Criminal Case Doc. No. 45). The Court adjudicated Fields guilty of the crimes and sentenced him to imprisonment for a total term of 541 months (Criminal Case Doc. No. 57). The Eleventh Circuit Court of Appeals affirmed the convictions and sentences.

## II.  ANALYSIS

Fields argues that he is entitled to relief based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In particular, he alleges that, based on *Alleyne*, he should not have been sentenced beyond the applicable minimum mandatory.

In *Alleyne*, the Supreme Court extended the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to expressly overrule *Harris v. United States*, 536 U.S. 545 (2002), and hold that any fact that increases the mandatory minimum sentence constitutes an element of the offense and must be submitted to jury. *See Alleyne*, 133 S. Ct. at 2163.

However, the *Alleyne* decision was entered after Fields was sentenced and after he received an unfavorable decision on direct appeal. The *Alleyne* rule does not apply retroactively on collateral review. *See Jeanty v. Warden, FCI–Miami*, 757 F.3d 1283, 1285–86 (11th Cir. 2014). As a result, this claim must be denied.

Any of Fields' allegations not specifically addressed herein have been found to be without merit.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct An Illegal Sentence filed by Dominque Just Fields pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**, and this case is **DISMISSED with prejudice.**

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:11-cr-24-Orl-18GJK.

3. The Clerk of the Court is directed to terminate the 2255 motion (Criminal Case Doc. No. 86) filed in criminal case number 6:11-cr-24-Orl-18GJK.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Fields has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[2] Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28

3

DONE and ORDERED in Orlando, Florida on December 12, 2014.

_____
G. KENDALL SHARP
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-2 12/12
Dominique Just Fields
Counsel of Record

---

U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.