UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOMINIQUE J. FIELDS,

Petitioner,

v.

Case No: 6:20-cv-726-Orl-18GJK
(6:11-cr-24-Orl-18GJK)

UNITED STATES OF AMERICA,

Respondent.
_____/

### ORDER

THIS CAUSE is before the Court on Petitioner's letter in which he indicates he is challenging his conviction and requests copies of the transcripts from his criminal case free of charge. (Doc. 1.) A petitioner may challenge a federal conviction and sentence pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a). However, Petitioner previously filed a 28 U.S.C. § 2255 motion, which was denied on December 12, 2014. *See Fields v. United States*, No. 6:13-cv-1910-Orl-18GJK, Doc. 6.

Before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255. Consequently, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that § 2255 limits the circumstances under which the

Court of Appeals will authorize the filing of a second or successive § 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a § 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Additionally, Petitioner is not entitled to free copies. Pursuant to *Walker v. United States*, 424 F.2d 278 (5th Cir. 1970),

> Title 28 U.S.C. § 2250 provides that only where a petitioner for the writ of habeas corpus has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without cost. A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching for possible error.

*Id.* at 278-79 (citations omitted). Because Petitioner has not sought leave to proceed in forma pauperis and does not have a § 2255 proceeding pending, he is not entitled to copies free of charge.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

4. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:11-cr-24-Orl-18GJK and to terminate the motion (Criminal Case Doc. 95)

pending in that case.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[1] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2020.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).