IN THE UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES of AMERICA  *
                          *
                          *
V                         *
                          *
DOMINIQUE FIELDS          *  CR 6:11-CR-24-ORL-18 GJK
                          *
                          *

Motion of Compassionate Release Pursuant To 18 U.S.C § 3582 (c)(1)(A); And the First Step Act of 2018

Comes Now Defendant Dominique "FIELDS" and moves the Court for a reduction in sentence pursuant to 18 U.S.C § 3582(c)(1)(A)(i); and the First Step Act of 2018. This Motion is based on the on-going Coronavirus (Covid-19) pandemic; And the "Stacked" Sentences "FIELDS" received pursuant to 924(c) that have now been eliminated by Congress through the passage of the First Step Act of 2018 ("FSA"). "FIELDS" Asks the Court to reduce his sentence to time served based on the "Extraordinary and Compelling Reasons" presented herein, and grant an immediate release

# I Background

On July 22, 2011, Fields was sentenced by this court to a term of 541 months imprisonment after being convicted of 4 Hobbs Act Robberys and 4 924(c). To date Fields has served 11 years and 1 months of the sentence imposed.

# II. Compassionate Release

## A THE FIRST STEP ACT

The First Step Act of 2018 Pub. L. 115-391 (Dec 21, 2018) amended 18 U.S.C § 3582(c)(1)(A) to allow a defendant to file a motion for a reduction of sentence based on "Extraordinary and Compelling Reasons" 18 U.S.C § 3582(c)(1)(A)(i). "Although relief under the statue is commonly referred to as "Compassionate Release" such relief is not limited to immediate release but includes a reduction in sentence." United States v Marks, 2020 WL 1908911 at *3 N 3 (W.D.N.Y Apr 20 2020)

## B. The Three Prerequisites to Granting Compassionate Release

In granting relief under § 3582(c)(1)(A)(i) a court must: (1) find that the Defendant met the administrative relief exhaustion requirement; (2) find that extraordinary and compelling reasons warrant a reduction in sentence consistent with the applicable policy statement issued by the Sentencing Commission; and (3) consider the factors set forth in 18 U.S.C § 3553(a). See United States v. Joseph No. 18-CR-00350-BLF-1 at *5 (N.D. Cal. May 8, 2020)

### (1) Administrative Remedies

Many courts across jurisdictions have found that the Defendant exhausts the administrative remedies even where the warden denied the request within thirty days. In order words once a warden denies a defendant's request a Defendant may then file a motion with the court. See eg Brown v United States 411 F Supp 3d 446, 452 (S.D Iowa 2019) United States v Joling No 6:11-CR-60181-AA, at *5 (D Or Apr 17, 2020) (following Brown)

(2) <u>Extraordinary and Compelling Reason</u>

Second, the Court must not only find Extraordinary and Compelling Reason But the Reduced Sentence must be Consistent with Applicable policy statements of the United States Sentencing Guidelines ("USSG") The Applicable policy statement Resides in USSG 1B1.13 which defines "extraordinary circumstances" to mean:

(A) the medical condition of the Defendant
(B) Age
(C) family circumstances
(D) Reasons "as determined by the Director of the Bureau of Prisons "<u>Other than, or in Combination with</u>, the Reasons Described in Subdivisons (A) through (C)"

USSG 1131.13 Commentary, App Note 1 (A) - (D) (Emphasis Supplied) However, the policy statement language has NEVER been modified to harmonize with the FSA See Eg <u>United States v Camarena</u> No CR 19-04-BM-DWM. At *2n.1 (D Mont Nov 17, 2020)

4 of 19

("The Court [Disagrees with] [And] disregards the guidelines statements requiring a motion from the Director of the Bureau of Prison because that requirement is now "Contrary to the Statue Because it Conflicted with the FSA amendment to 3582 "authorizing the court to act "Upon motion of the Defendant") thus since the inset of the pandemic District Courts across the Country have Deemed the Self-Care Provision of the policy statement satisfied where the Inmate Suffers from Chronic health Conditions identified by the Center for Disease Control and Prevention ("CDC") as increasing the Risk of Serious illness from Covid-19 See E.g. United States v. Alvarado, 2020 WL 3041504, at *1-2 (D Minn May 27, 2020); United States v. Salvagno 456 F Supp 3d 420 (N.D.N.Y); United States v. Atkinson 2020 WL 1904585, at *3 (D Nev Apr 17 2020) Moreover Courts have held §3582 "Authorizes Courts to make their own Independent Assessments of Extraordinary and Compelling Reasons" United States v. McCoy 2020 U.S App Lexis 87661 at *19-20 (4th Cir 2020) (citing United States v. Jones, ___ F.3d ___ 2020 US App Lexis 36620, 2020 WL 6817488, at *1-2 (6th Cir Nov 20, 2020) United States v. Gunn, ___ F.3d ___ 2020 U.S App Lexis 36612  2020 WL 6813995 at *2 (7th Cir Nov 20 2020)

And Multiple district courts have concluded that the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an "extraordinary and compelling" reason for relief under §3582(c)(1)(A) See <u>United States v Bryant</u> 2020 U.S Dist Lexis 25681 (D Md Apr 30 2020) <u>Jones</u> 2020 WL 5359636 at *7 <u>United States v Haynes</u> 456 F Supp 3d 496, 514-16 (E.D.N.Y 2020); <u>United States v Redd</u> 444 F Supp.3d 717, 723-24 (E.D.VA 2020); <u>United States v Young</u> 458 F Supp 3d 838, 848 (M.D Tenn 2020); <u>United States v MauMau</u> 2020 U.S Dist Lexis 28392 (D Utah Feb 18 2020)

### (3) 18 U.S.C §3553(a) Factors

The Court must also consider the factors in 18 U.S.C §3553(a). Including the nature and circumstances of the offense and History and Characteristic of the Defendant and "the need to promote Respect for the Law, deter criminal conduct and protect the public" 18 U.S.C §3553(a)(1)-(2); <u>United States v Rinehults</u> (Rim. No 3:06-CR-78 HEH at *5 (E.D VA Nov 5, 2020) the Court must consider the kinds of sentences available. 18 U.S.C §3553(a)(3) Moreover, Congress also included "the need to avoid unwarranted sentence disparities among defendants with similar conduct" as a Required factor for sentencing consideration

18 U.S.C § 3553(A)(6). Courts Considering Compassionate Release Requests have found this Consideration to be an appropriate sentence factor to apply see Eg <u>United States v Harris</u> No 2:15-CR-00083-RAJ. At *9 (W.D Wash Jan 19 2021)(Including "Avoiding unwarranted sentencing disparities" among the appropriate factors for Consideration in deciding defendant's Compassionate Release Request); <u>Redd</u> 444 F.Supp.3d at 723-24; <u>Maumau</u>, 2020 US Dist Lexis 28392 at at *17

III <u>Argument</u>

A <u>Fields Exhausted His Administrative Remedies</u>

Fields submitted a Request for Compassionate Release to the BOP staff on Oct 17, 2020. The USP Thomson Warden denied that Request on Dec 4, 2020. Exhaustion occurs when the BOP denies a defendant's written Request Thus, Fields has met the administrative exhaustion Requirement (See Exhibit "A")

B <u>Fields Medical Conditions Within A Covid-Rampant Congregate Environment Constitutes an "Extraordinary and Compelling" Reason for Release</u>

7 of 19

(i) <u>FIELDS is a former Smoker which is a condition identified by the CDC that increases the chance of severe illness from a Covid-19 Infection</u>

The CDC acknowledges that Smoking can Render people "Immunocompromised" putting them in the high-Risk category[1] "And a Recent study shows that people who currently smoke or previously smoked cigarettes are at a substantially higher risk for complications from Covid-19 than non-smokers. <u>United States v Rich</u> 2020 U.S Dist Lexis 97079 at *7 (D.N.H June 3 2020) Courts have granted Compassionate Release where the defendant had a history of Smoking

---

[1] Https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

[2] <u>Id.</u>

as does Fields. See, eg Rich, 2020 U.S. Dist Lexis 97029; United States v Secchiaroli, 2021 U.S. Dist Lexis 29212 (W.D.N.Y February 17, 2021). Fields is a former smoker. The Government has acknowledged that smoking "standing alone, presents [an] extraordinary and compelling reason to allow for compassionate release." Secchiaroli, 2021 U.S. Dist Lexis 29212 at *11.

### (2) USP Thomson Covid-19 Protocols Do Not Sufficiently Mitigate Fields Health Risks

"Many Courts... have recognized that the nature of the prison environment itself enhance the likelihood that prisoners will catch this highly contagious virus." Rich 2020 U.S. Dist Lexis 97029 at *8-9 (citing cases). Fields is not aware of how many prisoners and staff members have active Covid-19 infections at the moment, but the overall number of inmates that have contracted Covid-19 and recovered at USP Thomson is staggering. Fields is a Covid-19 recoveree. Therefore, the BOP has already proven that it cannot contain Covid-19 from penetrating its walls and infecting Fields. See United States v Dusenbery No 5:91CR291, at *6 (N.D. Ohio Nov 13, 2020)(describing "outbreak" at USP Thomson)

(B) <u>No Empirical Data Shows Fields in Immune From Covid-19 After Having Contracted it</u>

Covid-19 re-infection is not speculative; although rare, the CDC acknowledges re-infection case have been reported.[3] The CDC warns "[b]ased on what we know from similar viruses, some reinfections are expected."[4] Fields Covid-19 infection provides no known shield against re-infection. Many courts recognize this reality See Eg. <u>United States v Common</u> 2020 WL 3412233, at *4 (C.D. Ill June 22, 2020)(granting compassionate relief to a recovered inmate. Reasoning that the risk of reinfection "is not merely theoretical"); <u>United States v Halliburton</u>, 2020 WL 3100089, at *4 (C.D. Ill June 11, 2020) (granting compassionate relief to a recovered inmate, explaining that the risk of relapse or reinfection is "very real"); <u>United States v Williams</u> 2020 WL 3073320 (D.Md June 10, 2020)(granting compassionate relief to defendant because "[a]lthough recovered, it is uncertain whether [the Defendant] can contract Covid-19 more than once, and the potential long-term effects of the illness are still undetermined).

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.

[4] Id.

10 of 19

FIELDS prior Covid-19 infection therefore provides no assurance that he is insulated from the potential effects of Covid-19 or its variants. Nor does his prior course of symptoms and ultimate recovery signal that if Re-infection, his symptoms and recovery would track his prior infection. Moreover, vaccines do not have 100% efficacy, thus, they do not provide assurance either.

Therefore, because "former smokers" are on the CDC first tier of identified underlying medical conditions that "are at increased risk" for severe illness[5] and "hypertension" is identified as a condition that might be at an increased risk" Id FIELDS has demonstrated "extraordinary and compelling reasons" warranting release See United States v Hope CR 213-066-1 2020 U.S Dist. Lexis 130617, 2020 WL 4207107, at *4 (S.D GA July 22 2020) (noting that the Government

---

[5] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

11 of 19

conceded extraordinary and compelling reasons under the self-care provision based on "the Department of Justice's refined position on Compassionate Release"); Wise v United States 2020 WL 2614816, at *6 n 4 (D md May 22, 2020)(explaining that the Department of Justice ("DOJ") has "taken the position that inmates who suffer from a condition identified ... as putting them at higher risk for severe illness from covid-19 and who are not expected to recover from that condition present an 'extraordinary and compelling reason' to be considered of Compassionate Release.") See also United States v Giron-Canas, 2020 WL 4697965, at *2 (S.D.Cal. Aug. 13, 2020)(referencing DOJ guidance "directing the Government to Concede that any defendant who presents any of the CDC's identified high-risk factors during the pandemic can establish 'extraordinary and compelling reasons'")

### C. Fields' Draconian 924(c) Sentences Present Extraordinary and Compelling Reasons Warranting Compassionate Release

"The First Step Act made a monumental change to sentencing calculations under 18 U.S.C.S § 924(c). That provision imposes mandatory minimum sentences for using or carrying a firearm in connection with a

crime of violence; for a first offense, a five-to ten-year mandatory minimum, depending on the circumstances; and for a subsequent conviction, a consecutive 25-year mandatory minimum. Prior to the First Step Act, a conviction was treated as second or subsequent, triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case. The First Step Act ended this practice, known as sentence "stacking" by clarifying that the 25-year mandatory minimum applies only when a prior § 924(c) conviction arises from a separate case and already has become final." United States v McCoy 2020 U.S. App LEXIS 37661 at *5 (4th Cir 2020)

Here, Fields received "stacked" § 924(c) sentences of 10 years and 25 years to produce a draconian 45 year sentence. If sentenced today, Fields would not receive the 25-year mandatory minimum sentence because that/those § 924(c) convictions did not arise from a separate case that had become final. See, FSA. Pub L No. 115-391, § 403(a) 132 Stat 5194, 5222 (2018). Fields acknowledges that the First Step Act is not retroactive. See, United States v Jordan 952 F.3d 160, 174 (4th Cir 2020) However, recently in United States v McCoy, supra, the Fourth Circuit in a well reasoned opinion stated "[t]he fact the Congress chose

Not to make § 403 of the First Step Act Categorically Retroactive does not mean that Courts may not consider that legislative change in conducting their individualized Reviews of motions for Compassionate Release under § 3582(c)(1)(A)(i)." Id 2020 U.S App Lexis 37661 At *32 Moreover, many Courts have granted Compassionate Relief based on the FSA's Elimination of the "Stacking" practice. See e.g., United States v Mau Mau, 2020 U.S Dist Lexis 28392 at *17 (granting compassionate Release due to "Mr Mau Mau's young age at the time of the sentence [and] length of the mandatory sentence"); See also McCoy v United States 2020 U.S Dist Lexis 91801 (E.D Va May 26, 2020); United States v Decator 2020 U.S Dist Lexis 60109 (D Md Apr 6, 2020) United State v Bryant 2020 WL 2085471 (D Md Apr 30, 2020) United State v Scott 2020 U.S Dist Lexis 84313 (D Md May 13, 2020) United States v Haynes, 456 F Supp 3d 496, 514-16 (E.D.N.Y 2020).

Fields was 23 years old when he was sentenced to 541 months by this Court. The Majority of that sentence is driven almost entirely by a 25 year Mandatory Minimum sentence(s). Therefore, continued incarceration would be disproportionate to both "the seriousness of the offense [Fields committed] and to what Congress now deems appropriate for this kind of conduct" Bryant 2020 WL 2085471, At *5.

14 of 19

And FIELDS has demonstrated "Extraordinary and Compelling Reasons" warranting immediate Release based on the length of his sentence compared to what he would be sentenced to today

### D) FIELDS has availed himself of many Educational Opportunities while incarcerated

As mentioned above, FIELDS has been incarcerated since he was a young adult. During his incarceration he has made the most of his time. He has taken many educational or vocational training courses, and is working towards earning his G.E.D

### E) Reflecting the Seriousness of the Offense Ensuring Adequate Deterrence, and Promoting Respect for the Law

FIELDS recognizes that he committed a serious offense and in no way attempts to minimize the effect it had on his community, his family, and ultimately himself. On that same token, FIELDS would be remiss not to point out that he was very young at the time of his offense and as a result, made some very poor choices for himself that he would not make today if given the opportunity to reenter society. FIELDS has spent nearly his entire

adult life in prison, and almost half of his life, period incarcerated. Permitting FIELDS compassionate release would in no way dimish the seriousness of the offense he committed. Even if his sentence ended today it would never be mistaken for a lenient sentence.

The amended compassionate release statute is now a part of the body of sentencing law, along with 18 U.S.C §3553(a), that a court has at its disposal in determining or modifying a sentence. Its existense contemplates unique circumstances in which early release is appropriate, such a confluence of factors exist in this case.

Another sentencing factor that stands shoulder-to-shoulder with promoting respect for the law and deterence is avoiding unwarranted sentencing disparities. FIELDS has pointed out the disparity in sentencing in has case and this motion gives the court an opportunity to correct a wrong.

F <u>FIELDS has Family Support upon Release</u>

FIELDS has a family who loves him and awaits his return to them. If released FIELDS would reside with Grandma in Florida. Their address and contact information will be submitted to the U.S Probation office for investigation of a release plan

should this Court order that one be undertaken.

G. FIELDS Does not Pose A Danger to the Community Under the Conditions of Supervised Release that would be Imposed

In addition to the instant offense, FIELDS has a Minimal Adult Criminal history. In assessing whether FIELDS is a danger to the Community. It must consider the conditions under which that Release Would occur: Namely 5 years of Supervised Release. Nothing in FIELDS felony criminal history indicates that supervising Release conditions would fail to deter criminal conduct on his part

As cited above, Courts have granted Compassionate Release for defendants convicted of similar crimes. In doing so, Courts have tacitly refused to equate the nature of the conviction itself with automatic determination of dangerousness

IV Conclusion

FIELDS asks that the Court order his immediate Compassionate Release, based upon the First Step Act; and 18 U.S.C § 3582(c)(1)(A)(i). He has demonstrated Extraordinary and Compelling Circumstances given his

17 of 19

Case 6:11-cr-00024-PGB-DCI   Document 99   Filed 07/12/21   Page 18 of 19 PageID 944

medical condition(s) of former smoker within a facility that has already failed to protect him from Covid-19 once. This factor creates an elevated risk that, in a prison facility that has been swept by Covid-19, FIELDS might succumb to a severe Covid-19 infection. FIELDS has also demonstrated extraordinary and compelling circumstances given the length of his sentence in light of the amendments made to the sentencing scheme he was sentenced under by the First Step Act of 2018. This factor creates an unwarranted sentencing disparity that can be corrected in these proceedings.

    Therefore, based on the points and authorities cited, FIELDS asks the court to reduce his sentence to time served and grant an immediate release.

Dated: June 23, 2021

Respectfully Submitted

/s/

Dominique Just Fields
27202-018
AUSP Thomson
P.O Box 1002
Thomson, Illinois 61285

18 of 19

Pro Se litigant

## Certificate of Service

I, hereby certify that original copy of the foregoing "Motion for Compassionate Release" was mailed to the clerk for the United States District Court for the MIDDLE DISTRICT OF FLORIDA, ORLANDO AT 401 W CENTRAL BLVD SUITE 1200 ORLANDO, Fl 32801 ON This ___ day of June, 2021

By _____
Dominique Just Fields
Reg No 27702-018