UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                                            CASE NO. 6:11-cr-24-GKS-GJK

DOMINIQUE FIELDS

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY SENTENCE

The United States opposes Fields' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) based on health concerns and his sentences under 18 U.S.C. 924(c)1(C)(i). Doc.99. Fields has failed to exhaust his administrative remedies and has not demonstrated an extraordinary and compelling reason to grant his immediate release. Fields has also failed to demonstrate that his case is suitable for immediate release considering the factors in 18 U.S.C. § 3553(a) and whether he is still a danger to the community.

## BACKGROUND

On April 20, 2011, a jury convicted Fields of four counts of robbery affecting interstate commerce, in violation of 18 U.S.C. 1951, and four counts of carrying a firearm during and in relation to the charged robberies, in violation of 18 U.S.C. 2 and 924(c). Presentence Report (PSR) ¶¶ 1-14. These offenses consisted of Fields and two other co-conspirators using firearms to rob three different restaurants and a convenience store. PSR ¶¶ 15-30. At times they held victims at gunpoint, used their firearms to strike the victims, threatened and intimidated the victims. PSR

¶¶ 15-30.  Fields struck one victim in the head with a handgun.  PSR ¶ 28.  One co-conspirator fired his gun into the ceiling of one of the restaurants.  PSR ¶ 17.  During one of the restaurant robberies, they ordered the victims to give up their cell phones and then forced them into the walk-in cooler.  PSR ¶ 30

Fields has served 11 years and about 2 months in prison and, after he is credited for good conduct time, he has about 28 years left to serve.  Ex. 1, Inmate Data.  He is imprisoned at USP Thomson in Illinois.

## MEMORANDUM OF LAW

The Court has no inherent authority to modify a sentence.  *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002).  Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, after a defendant exhausts his administrative rights, the Court may reduce a term of imprisonment after: 1) finding "extraordinary and compelling reasons warrant such reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; 2) "considering the factors set forth in section 3553(a)"consistent with applicable policy statements of the Sentencing Commission, and 3) finding that the defendant is not a danger to the safety of any other person or to the community.  18 U.S.C. §§ 3142(g); 3582(c)(1)(A); USSG § 1B1.13.

A defendant seeking compassionate release bears the burden of establishing that release is warranted.  *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding that a movant for a reduction under § 3582(c)(2) bears the burden to

establish a reduction is warranted).

In this case, the Court may dismiss this motion because Defendant has not exhausted his administrative remedies. The Court may also deny the motion on the merits since Defendant has not identified an extraordinary and compelling reason that forms the basis for relief. Additionally, considering the 18 U.S.C. § 3553(a) factors and the risk that Defendant is still a danger to the community, he has failed to qualify for immediate release.

**1. This Court may deny Defendant's motion as he failed to exhaust administrative remedies**

Previously, only the Federal Bureau of Prisons (BOP) could file a motion for compassionate release. The First Step Act (FSA) amended the provision to allow defendants to file such a motion as well. *See* First Step Act of 2018, 115 P.L. 391, § 603(b)(1). Before a defendant may file a motion, however, the defendant must have either (a) "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (b) 30 days must have lapsed since the receipt of such a request by the warden of the prison. 18 U.S.C. § 3582(c)(1)(A). The failure to have exhausted administrative remedies within the BOP means that the court does not possess authority to grant relief under § 3582(c)(1)(A)(i). *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900 at *1-2 (M.D. Fla. Mar. 27, 2020); *see also United States v. Estrada Elias*, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial

review under 28 U.S.C. § 2241); *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (same); *United States v. Alexander*, 609 F.3d 1250, 1260 (11th Cir. 2010) (same).

Here, Defendant has failed to exhaust his administrative remedies. As stated in his motion and the attached exhibit, Defendant submitted a reduction in sentence request and the Warden denied his request in December 2020. Doc. 99 at 7 and 99-1. The Warden's letter states that Defendant "may appeal this denial through the Administrative Remedy Program." Doc. 99-1. Since he has additional levels of appeal in the Administrative Remedy Program within the BOP, Defendant has not fully exhausted his administrative rights. Exhausting administrative remedies is a requirement from § 3582(c)(1)(A). *See United States v. Maldonado*, No. 6:07-cr-107-Orl-28GJK, 2016 WL 3339493 (M.D. Fla., June 13, 2016) ("this Court can only act on a motion from Defendant when his request to the warden has lapsed after 30 days or Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf"). Therefore, the Court does not have the authority to grant Defendant's requested relief under § 3582(c)(1)(A).

**2. Defendant has not demonstrated the existence of an extraordinary and compelling reason under the applicable policy statements issued by the Sentencing Commission**

The Sentencing Commission has provided instruction as to what qualifies as "extraordinary and compelling reasons" for a sentence reduction, they include: (A) medical conditions that substantially diminish the ability to provide self-care, (B) a defendant that is at least 65 years of age and experiencing serious health

4

deterioration , (C) family circumstances regarding the need for a caregiver for the defendant's spouse or minor child, and (D) other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. USSG §1B1.13. comment. (n.1). "[I]n the FSA, Congress chose to expand who can file a Section 3582(c)(1)(A) motion, but it chose not to lift its stricture that courts must follow the Commission's applicable policy statements when ruling on those motions. It also chose not to amend its mandate that the Commission publish policy statements defining 'what should be considered extraordinary and compelling reasons for [a] sentence reduction' under Section 3582(c)(1)(A)." *United States v. Bryant*, 997 F.3d 342, 1258-59 (11th Cir. 2021) (citing 28 U.S.C. § 994(t); *see also* 28 U.S.C. § 994(a)(2)(C)). The Eleventh Circuit went on to hold that "[USSG §] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."

a. **Defendant's Health Conditions are Not an Extraordinary and Compelling Reason that Justify His Immediate Release.**

Here, Defendant simply has not met his burden. He claims the health conditions of being a previous smoker and having hypertension when combined with the COVID-19 pandemic form an extraordinary and compelling reason for his release. Doc. 99. These claims should be denied.

The BOP continues to take significant measures to protect the health of the inmates in its charge from the COVID-19 illness. The BOP maintains and updates

regularly an action plan to maximize the safety and security of the inmates in its custody. The BOP maintains a Coronavirus Resource page on its website, which provides its most recent information regarding the BOP's response to COVID-19 and the modification of its operations.[1] As part of its response to COVID-19, the BOP may designate certain inmates to a term of home confinement. In an effort to relieve the strain on BOP facilities and assist inmates who are most vulnerable to the disease and pose the least threat to the community, the BOP is exercising greater authority to designate inmates for home confinement. On March 26, 2020, the Attorney General directed the Director of the Bureau of Prisons, upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. That authority includes the ability to place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, see 18 U.S.C. § 3624(c)(2), and to move to home confinement those elderly and terminally ill inmates specified in 34 U.S.C. § 60541(g).

Congress has also acted to enhance the BOP's flexibility to respond to the pandemic. Under the CARES Act, enacted on March 27, 2020, the BOP may "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" if the Attorney General finds that emergency conditions will materially affect the functioning of BOP. Pub. L. No. 116-136, §

---

[1] *See* BOP Covid-19 Resource Page, available https://www.bop.gov/coronavirus/ (last accessed on 7/22/2021)

12003(b)(2). On April 3, 2020, the Attorney General gave the BOP Director the authority to exercise this discretion, beginning at the facilities that so far have seen the greatest incidence of coronavirus transmission. Inmates do not need to apply to be considered for home confinement. BOP Case Management staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General. While all inmates are being reviewed for suitability for home confinement, any inmate who believes he or she is eligible may request to be referred to home confinement and provide a release plan to his or her Case Manager.

To state a cognizable basis for a sentence reduction based on a medical condition, a defendant first must establish that a condition that falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG §1B1.13, comment. n.1(A). If a defendant's medical condition does not fall within one of the categories specified in the application note (and no other part of the application note applies), the motion must be denied.

The mere existence of the COVID-19 pandemic—which poses a general threat to every non-immune person in the country—does not fall into either of those categories and therefore could not alone provide a basis for a sentence reduction. The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has

7

held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020); see also *United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). [2]

In this case, Defendant has not provided any documentation for his medical conditions and neither of them appear in his recent medical records. Additionally, there is no description as to how either of these conditions fall within one of the categories specified in the policy statement's application note. Defendant has made no argument that he lacks the ability to provide self-care within the environment of the correctional facility. *See* USSG §1B1.13. comment. (n.1). Defendant has access to medical care within the BOP and he has been provided the opportunity to received two doses of a COVID-19 vaccine. There is no information Defendant has provided

---

[2] *See also, e.g.*, *United States v. Coles*, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denied for 28-year-old inmate at institution with outbreak); *United States v. Okpala*, 2020 WL 1864889 (E.D.N.Y. Apr. 14, 2020); *United States v. Weeks*, 2020 WL 1862634 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (denied for 61-year-old with no other conditions); *United States v. Pinto-Thomaz*, 2020 WL 1845875 (S.D.N.Y. Apr. 13, 2020) (two insider trading defendants with less than a year to serve have no risk factors); *United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Carver*, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020).

that demonstrates he is at an elevated risk for a severe illness from COVID-19. In fact, Defendant's motion indicates that he contracted the virus and recovered. Doc. 99 at 10-11. Defendant's conditions do not meet the definition of an extraordinary and compelling reason to justify his immediate release.

**b. Defendant's Sentencing for Multiple Violations of 18 U.S.C. 924(c) is not an Extraordinary and Compelling Reason that Justifies His Immediate Release.**

Defendant's second claim for compassionate release is a contention that if he was sentenced after the amendment to 18 U.S.C. § 924(c), he would receive a substantially lower sentence. Doc. 99 at 12-15. Seven years after Fields' sentencing, Congress passed the First Step Act of 2018, which amended § 924(c) to provide that a 25-year consecutive term for a successive 924(c) offense does not apply unless the defendant had a previous final conviction for a 924(c) offense.[3] That means that today, the mandatory minimum sentence on three 924(c) counts charged in the same indictment and would not be subject to the mandatory minimum sentence of 25 years. Congress expressly declined to make the First Step Act retroactive. Rather, Congress stated its intent explicitly, providing in Section 403(b) that the section applied to sentences after the date of enactment of the Act— December 21, 2018. 132 Stat. at 5222, § 403(b).

---

[3] *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, § 403. Based on this amendment, Section 924(c)(1)(C) now provides: "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years." The other provisions of Section 924(c) remain unchanged.

District Courts in this area have reviewed motions for reductions in sentences based on the First Step Act's amendment to § 924(c)(1)(C) and rejected the argument that the amendment was not an extraordinary and compelling reason to grant relief under section 3582(c). *See Willingham v. United States*, 805 F. App'x 815, 817 (11th Cir. 2020) (finding that the district court "concluded correctly that it lacked authority to reduce the defendant's sentence pursuant to section 403" after the district court construed his motion to be requesting relief pursuant to section 3582(c)(1)(B)); *United States v. Lewis,* No. 6:13-cr-221-Orl-28KRS, 2020 WL 4583525, at *3 (M.D. Fla. Aug. 10, 2020) (stacked 924(c) sentences that occurred prior to the amendment of the statute is not an extraordinary and compelling reason to grant relief under section 3582(c)(1)(B) because Congress "expressly declined to make the amendment retroactive.").

Other District Courts have also rejected similar arguments regarding stacked 924(c) sentencing. *See United States v. Strain*, No. 3:97-cr-00004-TMB, 2020 WL 1977114, *4 (D. Alaska Apr. 24, 2020) ("The Director of the BOP has not issued any policy or finding that sentences that resulted from now-impermissible 'stacking' of § 924(c) offenses qualify as an 'extraordinary and compelling reason.' Accordingly, this reason cannot serve a basis for granting Strain's Motion even in light of her substantial and commendable efforts toward rehabilitation."); *United States v. Thacker*, 2020 WL 5960685, at *4 (C.D. Ill. Oct. 8, 2020) ("Because Congress has indicated that the relevant statute is not retroactive and because the compassionate relief guidelines focus on individualized health and family circumstances, this Court is

unable to conclude that Defendant has presented an "extraordinary and compelling" a reason to qualify him for compassionate release.")

Now, the Eleventh Circuit's decision in *Bryant* forecloses Defendant's argument that this change to § 924(c) should qualify as an extraordinary and compelling reason to grant relief. *See Bryant,* 996 F.3d at 1262-63. This basis for relief does not fit into USSG § 1B1.13, Application Note 1(A)-(C) as it does not concern medical, age, or family. Therefore, it would have to fit under Application note 1(D) as an "Other Reasons." USSG § 1B1.13, Application Note 1(D). However, Bryant concluded that these other reasons must be determined by the Director of the BOP. *Bryant,* 996 F.3d at 1263. The change in mandatory minimums was explicitly only applicable to defendants sentenced on or after the date of enactment of the First Step Act. Applying the change broadly to all defendants would undermine Congress' forward-looking change in the statutory penalties.

**3. Considering the § 3553(a) factors and the risk that the defendant is still a danger to the community, he has failed to demonstrate that he qualifies for immediate release**

Further, this Court still must consider the factors set forth in § 3553(a) consistent with applicable policy statements of the Sentencing Commission, and find that Defendant is not a danger to the safety of any other person or to the community. *See* 18 U.S.C. §§ 3142(g); 3582(c)(1)(A); USSG §1B1.13. "Congress has authorized courts to 'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Dillon v.*

11

*United States*, 560 U.S. 817, 824-25 (2010) (quoting § 3582(c)(2)); *see also United States v. Nasirun,* No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

In 2011, Fields was convicted of numerous offenses that were violent and involved firearms. Although Fields claims that occurred many years ago and he is focusing on reforming himself in prison, his disciplinary record demonstrates otherwise. His records show multiple instances of continued violent behavior, conduct involving weapons, and lewd behavior. Ex. 2, Disciplinary Record. Defendant has not demonstrated that the § 3553(a) factors weigh in favor of his immediate release or that he is not still a danger to the community.

In sum, this Court should deny Defendant's motion. He has not exhausted administrative remedies or demonstrated an extraordinary and compelling reason to grant his immediate release. Finally, Defendant has failed to demonstrate that he should be released when considering the § 3553(a) factors and that he is still a danger to the community.

        Respectfully submitted,

        KARIN HOPPMANN
        Acting United States Attorney

By:   *s// John M. Gardella*
      John M. Gardella
      Assistant United States Attorney
      Florida Bar: 85906
      400 W. Washington St., Ste. 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7500
      Facsimile: (407) 648-7643
      E-mail: John.Gardella@usdoj.gov

U.S. v. DOMINIQUE FIELDS									Case No. 6:11-cr-24-GKS-GJK

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A true and correct copy of the foregoing document and the notice of electronic filing to be sent by United States Mail to the following non-CM/ECF participant(s):

Dominique Fields, pro se
#27702-018
USP Thomson
P.O. Box 1002
Thomson, IL 61285

*s// John M. Gardella*
John M. Gardella
Assistant United States Attorney
Florida Bar: 85906
400 W. Washington St., Ste. 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: John.Gardella@usdoj.gov