UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    Case No: 6:11-cr-24-GKS-GJK

DOMINIQUE JUST FIELDS,

Defendant.

## ORDER

THIS CAUSE came on for consideration upon Defendant Dominique Just Fields' (Fields) Motion for Compassionate Release pursuant to 18 USC § 3582(1)(1)(A) and the First Step Act of 2018 (Doc. 99) (Motion). The United States of America (United States) filed a Response in Opposition (Doc. 102) to Defendant's Motion. For the reasons that follow, the Motion will be denied.

### I.  BACKGROUND

On April 20, 2011, Defendant Fields was convicted by a jury of four counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951, and four counts of carrying a firearm during and in relation to the charged robberies, in violation of 18 U.S.C. §§ 2 and 924(c). (Doc. 45 – Verdict). During sentencing the

Court noted that it had "heard all of the testimony during the trial, and your attorney never mentioned the fact that a gun was shot into the ceiling at El Padrino's, terrifying the patrons, that the managers at Denny's and McDonald's and 7-Eleven were pistol whipped. These are very serious." (Doc. 61 Transcript, p. 11). Finding the Presentence Report correct, the Court determined that Defendant had a total offense level of 28, and a criminal history category of III. (*Id.* at p.12). The United States recommended Defendant be sentenced to 95 years. (*Id.* at p.10). The Court sentenced Defendant to 541 months imprisonment (approximately 45 years) and five years of supervised release, an assessment, restitution and forfeiture of certain firearms and ammunition. (Doc. 59).

Defendant is incarcerated at USP Thomson in Illinois. He has served just over 11 years in prison and, after being credited for good conduct time, has approximately 28 years left to serve on his sentence. (Doc. 102, Ex. 1).

Defendant asserts that he was sentenced when a young adult and he has since availed himself of educational opportunities, recognizes that he committed a serious offense, has family support and does not pose a danger to the community under the conditions of supervised release. As such, he seeks a reduction in his sentence and immediate release based upon two grounds: the COVID-19 pandemic and the stacked sentences he received. (Doc. 99:1).

## II. LEGAL STANDARD

Courts have the authority to modify a term of imprisonment under specific circumstances enumerated in 18 U.S.C. § 3582(c), which contemplates reductions in sentence length. *See* 18 U.S.C. § 3582(c). As provided by § 3582(c)(1)(A), courts have statutory authority to reduce a term of imprisonment upon finding that "extraordinary and compelling circumstances warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). [1] "Extraordinary and compelling circumstances" include terminal illness or a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison, among other circumstances. *See* USSG § 1B1.13 cmt. n.1(A)(ii).

---

[1] (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or** the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction; or
(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

3

A court should only grant a motion for release based on "extraordinary and compelling circumstances" after consideration of the factors set forth in 18 U.S.C. § 3553(a) and, <u>after</u> specifically determining that the defendant is not a danger to the public. *See* 18 U.S.C. § 3582; USSG § 1B1.13. Under § 3582(c), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Moreover,

> an order granting or denying compassionate release under § 3582(c)(1)(A)(i) <u>must indicate that the district court has considered "all applicable § 3553(a) factors,"</u> in addition to whether the movant has offered <u>extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in U.S.S.G. § 1B1.13.</u> *Cook*, __F.3d at __, 2021 U.S. App. LEXIS 15864.

*United States v. Lonergan*, __ Fed. Appx., 2021 U.S. App. LEXIS 17319 (11th Cir. June 10, 2021) (emphasis added).

### III. ANALYSIS

A. <u>Exhaustion</u>

In this case, Defendant Fields submitted a Request for Compassionate

4

Release on October 17, 2020, (Doc. 99:7), which the Warden denied on December 4, 2020. (Doc. 99, Exhibit A). There is no evidence that Defendant Fields filed an appeal "pursuant to Program Statement 1330.18, <u>Administrative Remedy Program</u>." (Doc. 99, Exhibit A). Defendant filed his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(1)(1)(A) and the First Step Act of 2018 in this Court on July 12, 2021.

Defendant argues that he has exhausted his administrative remedies based upon Exhibit A, the denial of the Warden of his Request for Compassionate Release. (Doc. 99:7). The United States contends that Defendant Fields has failed to exhaust his administrative remedies because he failed to file an appeal.

> Defendant submitted a reduction in sentence request and the Warden denied his request in December 2020. Doc. 99 at 7 and 99-1. The Warden's letter states that Defendant "may appeal this denial through the Administrative Remedy Program." Doc. 99-1. <u>Since he has additional levels of appeal in the Administrative Remedy Program within the BOP, Defendant has not fully exhausted his administrative rights.</u>

(Doc. 102:3-4).

Under Eleventh Circuit precedent, "the exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule," not jurisdictional. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). However, "[b]y its plain language, §3582(c)(1)(A) mandates exhaustion. While the statute explicitly provides for <u>one exception to exhaustion</u>, i.e., the lapse of 30 days [. . .]." *United States v. Smith*,

No.: 8:17-cr-412, 2020 U.S. Dist. LEXIS 85856 at *__ (M.D. Fl. May 15, 2020) (emphasis added). *United States v. Mendoza*, Number: 13-20618, 2021 U.S. Dist. LEXIS 84667, *__ (S.D. Fl. May 4, 2021) ("The warden denied his request on January 20, 2021, and the Defendant filed his motion on March 9, 2021. [. . . .] Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.") *United States v. Bolatete*, No.: 3:17-cr-240, 2021 U.S. Dist. LEXIS 72783, *__ (M.D. Fl. April 15, 2021).

In this case, too, more than 30 days from the Warden's receipt of the Defendant's original application having passed before he filed this Motion, the Court may consider the merits of his Motion.

B. <u>Extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in U.S.S.G. § 1B1.13.</u>

1. Health Conditions

Defendant has not asserted that suffers from a terminal illness or that he is "experiencing deteriorating physical or mental health <u>because</u> of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C.S. Appx § 1B1.13 (emphasis added).

Rather, Defendant Fields seeks compassionate release based upon the existence of COVID-19 at USP Thomson, and his alleged underlying health

6

conditions including being a former smoker, having hypertension, and already having contracted COVID-19 while incarcerated. (Doc. 99:10). Defendant has offered no proof of his alleged conditions and not filed Bureau of Prisons' medical records with his Motion. (Doc. 99).

Defendant also fails to establish a sufficient factual record to show that his medical needs have not been met and will not be appropriately managed while incarcerated. The Court notes that Defendant worries that he is especially vulnerable to reinfection with COVID-19, with which he asserts he was previously diagnosed, (but has provided no confirming medical records from the Bureau of Prisons), and fortunately, he asserts, has recovered. (Doc. 99:9). At this time, the Court is not persuaded that Defendant's medical needs will not be met while he is incarcerated at USP Thomson.

Nevertheless, potential COVID-19 exposure, or in this case, Defendant's potential re-exposure, is not an extraordinary and compelling reason to grant release under Defendant's circumstances. 18 U.S.C. § 3582(c)(1)(A). *United States v. Ceron*, No. 8:09-cr-81, 2021 U.S. Dist. Lexis 142361, *\_ (M.D. Fl. July 30, 2021). *United States v. Coleman*, No: 6:11-cr-247, 2020 U.S. Dist. LEXIS 184782 \_* (M.D. Fl. October 6, 2020). *United States v. Ware*, No. 3:15-cr-00096, 2020 U.S. Dist. LEXIS 233199, \_* (D. Nev. December 10, 2020).

2. Stacking

Defendant strenuously argues that his stacked sentences were draconian and thus present extraordinary and compelling reasons warranting compassionate release. However, the United States correctly contends that

> District Courts in this area have reviewed motions for reductions in sentences based on the First Step Act's amendment to § 924(c)(1)(C) and rejected the argument that the amendment was not an extraordinary and compelling reason to grant relief under section 3582(c). See Willingham v. United States, 805 F. App'x 815, 817 (11th Cir. 2020) (finding that the district court "concluded correctly that it lacked authority to reduce the defendant's sentence pursuant to section 403" after the district court construed his motion to be requesting relief pursuant to section 3582(c)(1)(B)); United States v. Lewis, No. 6:13-cr-221-Orl-28KRS, 2020 WL 4583525, at *3 (M.D. Fla. Aug. 10, 2020) (<u>stacked 924(c) sentences that occurred prior to the amendment of the statute is not an extraordinary and compelling reason to grant relief under section 3582(c)(1)(B) because Congress "expressly declined to make the amendment retroactive."</u>).

(Doc. 102:10 (emphasis added).

Changes to § 924(c) under the First Step Act only apply to sentences imposed after the First Step Act's December 21, 2018 date of enactment. *See* First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Importantly, these non-retroactive changes to the statutory minimum sentence for some convictions under § 924(c) do not constitute "extraordinary and compelling circumstances" under 18 U.S.C. § 3582 (c)(1)(A). *United States v. Lewis*, No. 6:13-cr-221, 2020 U.S. Dist.

LEXIS 142917 (M.D. Fla. Aug. 10, 2020) (post-sentencing development in case law is not an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A)); *see also United States v. Saldana*, 807 F. App'x. 816 (10th Cir. 2020) (compassionate release is not available based on a change in sentencing law that would produce a lower sentence today).

Finally, Defendant fails to otherwise adequately establish an extraordinary and compelling reason for compassionate release based on other factors.

C. Section 3553(a) factors

The Eleventh Circuit Court of Appeals has made plain that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. May 7, 2021), *petition for cert.* filed June 10, 2021.

Defendant Fields has not presented an extraordinary and compelling reason for compassionate release. And critically, Defendant Fields was convicted of multiple, serious, violent offenses of robbery and possession of firearms in furtherance of crimes of violence. (Doc. 45 -Verdict).

However, even if the Court determined that Defendant had presented an extraordinary and compelling reason for compassionate release, based upon the

9

violent facts of his convictions and after consideration of all of the section 3553(a) factors, Defendant Fields likely poses a danger to public safety if released. Compassionate release relief is not merited in this case. *See* USSG §1B1.13(2); 18 U.S.C. § 3582(c)(1)(A).

## IV. CONCLUSION

Having reviewed and considered Defendant Dominique Just Fields' Motion for Compassionate Release pursuant to 18 USC § 3582(1)(1)(A) and the First Step Act of 2018, it is hereby **ORDERED** and **ADJUDGED** that the Motion (Doc. 99), is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this \_\_\_6\_\_ day of August, 2021.

_____
**G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record
Unrepresented Parties